[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert Beaver, brings this action to vacate an arbitration award in favor of the defendant, Warren Beefe. He claims that the award is in violation of the statutes because the Board of Arbitration had no jurisdiction over him on this dispute.
Beefe claims that the plaintiff and defendant are real estate brokers. Beaver asserts that, even though he is a broker, in this particular transaction, he was not acting in such a capacity. Therefore, he was not subject to the rules requiring disputes between realtors be settled by arbitration.
Beefe made claim for commissions due to him under an agreement between himself, as the principal realtor of Beefe Company Limited, and Beaver, acting as the general partner of Griswold Ashland Limited partnership. Beaver argues he was not acting as a realtor, but as a principal in the sale of certain Griswold Ashland condominiums. The National Board of Realtors Standard of Practice 7-6 provides that a realtor, when acting as a principal in a real estate transaction, cannot avail his responsibilities under the Code of Ethics.
Cases cited by Beefe in his brief interpreting the Code note that it is accepted practice among realtors when buying and selling to each other, they are still considered realtors, even when acting as principals in a real estate transaction, and are subject to the provisions of the Code of Ethics. See case number 7-24 of the Interpretations of the Code of Ethics attached to defendant's brief. The New London
Board of Realtors decided to accept this case for arbitration over Beaver's objection and decided it in accordance with the rules of the organization.
Since Beaver is subject to the Standard of Practice7-6, (which provides that when he acts as a principal, he is subject to the Code of Ethics) he is required to arbitrate in accordance with the rules of the national and local Boards of Realtors.
The Court finds that the other claims of Beaver were not raised in a timely manner and accordingly decides those claims in favor of the defendant.
The Motion to Vacate the Arbitration Award is hereby denied.
HURLEY, J. CT Page 10218